IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KEVIN NUTTING, WAYNE ELAM, and DAVID QUALLS,** *on Behalf of Themselves and All Others Similarly Situated,* )  )  )  )  )  ) **Plaintiffs,** )  ) v. )  )  ) **UNILEVER MANUFACTURING (US) INC.,** *a/k/a Unilever United States, Inc., a foreign corporation,* )  )  )  )  ) **Defendant.** ) | Civil Action, Case No.: _____  **JURY DEMANDED** |

---

### VERIFIED COMPLAINT FOR
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

---

**COMES NOW** the Plaintiffs, Kevin Nutting, Wayne Elam, and David Qualls on behalf of themselves and all others similarly situated, by and through counsel, and hereby sets forth their Verified Complaint for Violation of the Fair Labor Standards Act as follows:

### NATURE OF THE COMPLAINT

1.  Plaintiffs Kevin Nutting, Wayne Elam and David Qualls bring this action against Defendant Unilever Manufacturing (US) Inc., *a/k/a Unilever United States, Inc., a foreign corporation,* for unpaid overtime compensation and related penalties and damages and for failure to pay its employees for all hours worked. Plaintiffs allege, on behalf of themselves and all other similarly situated hourly employees of Defendant ("Plaintiffs"), that Defendant failed and refused to pay them, and all others similarly situated, straight time and overtime pay for overtime

1

worked and failed and refused to pay them and all other similarly situated hourly employees straight time for all hours worked.

2. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs seek declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; straight time wages for all hours worked and not compensated; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3. Defendant's practice and policy is, and for the past two years has been, to failed and refuse to pay overtime compensation due and owing to Plaintiffs and all other similarly situated employees, in violation of the FLSA, and failed to compensate Plaintiffs and all other similarly situated employees for all hours worked while employed by Defendant. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

4. Currently and for the last two years, Defendant's employees have worked overtime hours.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

6. The Western District of Tennessee has personal jurisdiction over Defendant Unilever Manufacturing (US) Inc., because it is doing business in Tennessee and in this judicial District.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) because Defendants reside in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

**A.      Plaintiff**

*Named Plaintiffs*

8.      Plaintiff Kevin Nutting is a resident of Brighton, Tipton County, Tennessee. Defendant employed Plaintiff Nutting as an hourly employee from approximately May 9, 2011, until on or about December 6, 2012.

9.      During his employment with Defendant, Mr. Nutting regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

10.     At all relevant times, Mr. Nutting was an employee of Defendant for FLSA purposes.

11.     Plaintiff Wayne Elam is a resident of Ripley, Lauderdale County, Tennessee. Defendant employed Plaintiff Elam as an hourly employee from approximately May 4, 1998, until on or about December 14, 2012.

12.     During his employment with Defendant, Mr. Elam regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

13.     At all relevant times, Mr. Elam was an employee of Defendant for FLSA purposes.

14. Plaintiff David Qualls is a resident of Brownsville, Haywood County, Tennessee. Defendant employed Plaintiff Qualls as an hourly employee from approximately March 29, 1999 until on or about November 21, 2012.

15. During his employment with Defendant, Mr. Qualls regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

16. At all relevant time, Mr. Qualls was an employee of Defendant for FLSA purposes.

*Representative Action Members*

17. The members of the representative action are those current and former hourly rate employees of Defendant who are similarly situated to Mr. Nutting, Mr. Elam and Mr. Qualls who were suffered or permitted to work by Defendant and not paid their regular or statutorily required rate of pay for all hours worked, as well as those current and former employees of Defendant who are similarly situated to Mr. Nutting, Mr. Elam and Mr. Qualls who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

**B.    Defendant**

18. Defendant Unilever Manufacturing (US) Inc. is organized under the laws of Delaware. It conducts business in the State of Tennessee at 2000 Highway 51 N., Covington, Tennessee. Its registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021 Knoxville, Tennessee 37929-9710.

## REPRESENTATIVE ACTION ALLEGATIONS

19. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by

4

Defendant at its plant in Covington, Tennessee in hourly labor within two years from the commencement of this action, who have not been compensated for all hours worked, and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

20. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs, Mr. Nutting, Mr. Elam, and Mr. Qualls, the Representative Plaintiffs, because their claims are similar to the claims of the plaintiffs of the representative action.

21. Mr. Nutting, Mr. Elam and Mr. Qualls are similarly situated to the putative plaintiffs working as hourly employees for Defendant, had substantially similar job requirements and pay provisions, and were subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

## FACTUAL BACKGROUND

22. Defendant failed or refused to pay its hourly employees for all time worked and for all overtime hours worked.

23. Defendant is in the business of marketing a wide range of foods, home and personal care products and is one of the world's largest consumer products companies.

24. Mr. Nutting's job was a line packaging technician.

25. Mr. Elam's job was a maintenance technician.

26. Mr. Qualls' job was BPA technician.

27. Mr. Nutting, Mr. Elam and Mr. Qualls, and all similarly situated persons were/are paid on an hourly rate basis.

28. Defendant maintains a computerized time keeping system for payroll purposes.

29. Plaintiffs would "swipe in" with their identification badges when they arrived at work and "swipe out" at the end of their work day.

30. On numerous occasions Plaintiffs' immediate supervisors, the production managers, ordered Plaintiffs to work off-the-clock before they had "swiped in and after they had "swiped out."

31. Plaintiffs performed such work off-the-clock such as such as walking to the clean uniform locker to the locker room and donning the following items:

- Uniform,
- safety shoes (steel toe boots),
- safety goggles,
- hairnet/beard nets,
- earplugs,
- bump hat;

walking form the locker room to the work area; walking from the time clock to the locker room; doffing the uniform; and walking from the locker room to the dirty uniform bin.

32. During most work weeks Plaintiffs worked more than ten minutes "off-the-clock" per shift. Plaintiffs worked an average of five shifts per week.

33. Defendant compensates employees at an overtime rate for ten minutes per shift and a double time rate on Sundays for the above named work activities, but time over ten minutes per shift is uncompensated.

32. Upon information and belief, Defendant's managers and supervisors were/are aware of this practice and that a substantial amount of such work was/is not compensated.

34. Furthermore, as a result of this work time, Plaintiffs worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

35. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 34 as if they were set forth fully herein.

36. At all relevant times, Defendant has been, and continues to be, "employer[s]" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff and each of the members of the FLSA representative action. At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

37. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

38. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiff and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

39. As a result of Defendant's failure to compensate its hourly employees, including Mr. Nutting, Mr. Elam and Mr. Qualls, and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular

rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

40. The foregoing conduct, as alleged, constitutes a violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Mr. Nutting, Mr. Elam and Mr. Qualls hereby consent to be party plaintiffs in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiff Kevin Nutting, Plaintiff Wayne Elam, and Plaintiff David Qualls as Representative Plaintiffs for the putative members of the FLSA representative action;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An award of damages, including liquidated damages, to be paid by Defendants;

5. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

6. Pre-Judgment and Post-Judgment interest, as provided by law; and

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial

Dated: April 2, 2014                              Respectfully submitted,

_____
Alan G. Crone, TN Bar No. 014285
Laura Ann E. Bailey, TN Bar No. 027078
CRONE & McEVOY, PLC
5583 Murray Road, Suite 120
Memphis, TN 38119
800.403.7868 (voice)
901.737.7740 (voice)
901.737.7558 (fax)
acrone@thecmfirm.com (email)

Of Counsel:

Patrick Solomon
Jessica Witenko
Thomas & Solomon, LLP
693 East Avenue
Rochester, New York  14607
585.272.0540 (voice)
585.272.0574 (fax)

*Attorneys for Plaintiffs*