IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KEVIN NUTTING, WAYNE ELAM, and
DAVID QUALLS, *on Behalf of Themselves
and All Others Similarly Situated*,

    Plaintiffs,

v.

UNILEVER MANUFACTURING (US), INC.,
*a/k/a Unilever United States, Inc., a foreign
corporation,*

    Defendant.

Case No. 2:14-cv-02239-JPM-tmp

---

**SECOND JOINT MOTION AND MEMORANDUM FOR
ORDER APPROVING FLSA SETTLEMENT**

---

Plaintiffs Kevin Nutting, Wayne Elam, and David Qualls ("Named Plaintiffs") and Unilever Manufacturing (US), Inc. ("Defendant" or "Unilever") (collectively the "Parties") file this Second Joint Motion and Memorandum for Order Approving FLSA Settlement and would show the Court as follows:

## I.
## Introduction

In this Fair Labor Standards Act ("FLSA") action, Named Plaintiffs and Defendant jointly request that the Court enter a stipulated order approving the settlement reached between the Parties. The Parties have carefully and exhaustively negotiated settlement in this action. They have agreed to settle the case, taking into account the disputed issues of fact and law, on the terms set forth in the Settlement Agreement and Release of Claims (the "Agreement"), which

will be submitted to the Court for *in camera* review.  If the Court approves the Agreement, the Parties will file the Agreement so that it will be part of the record in this matter.

Although the Sixth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, District Courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In the "context of suits brought directly by employees against their employer… to recover back wages for FLSA violations," the Parties must present any proposed settlement to the District Court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353.  Accordingly, the Parties request that this Court review this settlement under the procedures and standards set forth in *Lynn's Food Stores,* 679 F.2d at 1350. The Court will find that the Agreement is fair and should be approved.  The Agreement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Named Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.
## Procedural History

Named Plaintiffs filed this lawsuit in the United States District Court for the Western District of Tennessee, Western Division on or around April 2, 2014, alleging that Defendant violated the FLSA by failing to pay Named Plaintiffs and other hourly employees at Defendant's Covington, Tennessee plant for all time spent donning and doffing uniforms and personal protective equipment and time spent walking to work stations.  Named Plaintiffs have now reached an agreed settlement to their claims and the claims of others allegedly similarly situated in this lawsuit with Defendant.

For its part, Defendant denies that it failed to pay Named Plaintiffs or other employees at its Covington plant for all time worked and denies that it violated the FLSA or any other federal, state, or local law. Nonetheless, both Named Plaintiffs and Defendant request this Court to approve the Parties' Agreement.

On June 6, 2014, the Parties filed a Joint Motion and Memorandum for Order Approving FLSA Settlement. (Doc. 11). The Court subsequently denied the Joint Motion. (Doc. 13). In light of the concerns expressed by the Court in its Order and during the Status Conference of June 19, the Parties now submit the attached Agreement, which has been revised to address the concerns voiced by the Court. Moreover, Plaintiffs' counsel will submit a supplemental memorandum in support of the attorney's fees and incentive payments for Named Plaintiffs provided under the terms of the Agreement.

### III.
### The Court Should Approve the Agreement

This Court should approve the Agreement because the settlement was achieved in an adversarial context, Named Plaintiffs are represented by competent and experienced counsel, and the Agreement reflects a reasonable compromise over disputed issues. Moreover, the settlement provisions are fair and reasonable under all of the facts and circumstances.

A district court, when reviewing a proposed settlement of an FLSA claim must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1353-1355. *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?

>    3.   Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
>    4.   Is the settlement fair?

*Id*. at 1353-54.

The terms of the Agreement reflect that settlement was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have extensive experience with wage and hour claims. Named Plaintiffs' attorneys protected their clients' rights and interests, as well as the rights and interests of putative class members, based on the facts of the case and the relative strengths and weaknesses of the claims and defenses in this case. The settlement further reflects reasonable compromises regarding *bona fide* disputes between the Parties with respect to liability and the amount of same under the FLSA. Furthermore, the settlement is a fair, just, and adequate resolution of the claims at issue.

As counsel for the Parties well understand, litigation is an inherently risky process. Named Plaintiffs or any putative class members may succeed at trial or may get nothing if this case proceeded through trial. Defendant denies that it has violated the FLSA or that it is liable to Named Plaintiffs or any putative class members in any amount. Even if Named Plaintiffs were to prevail on the issue of liability, a process likely to consume several more months, their damages might not exceed the amount to which the Parties have agreed to settle at this stage. The Court should, in any event, take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition Inc.*, 2008 U.S. Dist. LEXIS 37449 at * 14 (S.D. Tex. May 7, 2008). Here, the settlement amount is not a fractional portion of the damages sought, and

arguably more than fully compensates Named Plaintiffs and putative class members for all alleged claims for overtime pay or any of the other alleged violations of the FLSA.

The endorsement of the settlement by counsel for both Parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 U.S. Dist. LEXIS at *15. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In making the determination to approve a settlement, the court should recognize that "because the very point of compromise is to avoid determining contested issues and to avoid the expense and uncertainty of litigation, the court should not 'decide the merits of the case or resolve unsettled legal questions.'" *Birchett v. Apt. Inv. & Mgmt. Co.*, 2008 U.S. Dist. LEXIS 107441, at *3 (E.D. Mich. Nov. 28, 2008) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)). In this case, Named Plaintiff's attorneys are fully aware of the factual contentions of their clients and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

By definition, a claim for "off-the-clock" work cannot be proven through payroll records and the Parties' contentions would have to be established largely through credibility assessments of all fact witnesses, and further analysis of documents to determine whether a potential claim for overtime could be sustained for each workweek, even if the jury found that Named Plaintiff's allegations were to be believed. Accordingly, none of the Parties could reasonably have any level of certainty as to the ultimate probability of success.

## IV.
## Additional Factors to Consider in Assessing Reasonableness of Settlement

The Parties have entered into the proposed Agreement to avoid the necessity, expense, inconvenience, and uncertainty of litigation. This is a matter where continued attorneys' fees and costs on both sides could easily dwarf the actual amount in controversy. Defendant asserts that its potential exposure to Named Plaintiffs' and putative class members' claims is minimal, if it exists at all. The Parties, with the Court's approval, would now like to resolve and settle all claims and disputes between them arising out of, or in any way related to, Named Plaintiff's claims and/or the claims of putative class members under the FLSA.

## V.
## Conclusion

The Parties believe that the settlement terms reached are a fair and reasonable compromise of the respective positions of the Parties. The Parties therefore respectfully request that the Court approve the Agreement and enter the Proposed Order. Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of this action in accordance with Fed. R. Civ. P. 1. In the event the Court should desire to hold a Status Conference with the Parties to discuss the Agreement, counsel for the Parties stand ready to appear for conference at the earliest date mutually convenient for the Court and counsel.

Respectfully submitted this the 27th day of June, 2014.

| Respectfully submitted: | Respectfully submitted: |
|---|---|
| */s/ Alan G. Crone* | */s/ Lisa Lichterman Leach* |
| Alan G. Crone (TN Bar No. 14285) | Lisa Lichterman Leach (TN Bar No. 14486) |
| Laura Ann E. Bailey (TN Bar No. 27078) | R. Alex Boals (TN Bar No. 22682) |
| **CRONE & McEVOY, PLC** | **LITTLER MENDELSON, P.C.** |
| 5583 Murray Road, Suite 120 | 3725 Champion Hills Drive, Suite 3000 |
| Memphis, Tennessee 38119 | Memphis, Tennessee 38125 |
| Telephone: 901.737.7740 | Telephone: 901.795.6695 |
| Facsimile: 901.737.7558 | Facsimile: 901.531.8051 |
| acrone@thecmfirm.com | lleach@littler.com |
| | aboals@littler.com |
| Of Counsel: | ATTORNEYS FOR DEFENDANT |
| Patrick Solomon | |
| Jessica Witenko | |
| Thomas & Solomon, LLP | |
| 693 East Avenue | |
| Rochester, New York 14607 | |
| Telephone: 585.272.0540 | |
| Facsimile: 585.272.0574 | |
| ATTORNEYS FOR NAMED PLAINTIFFS | |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of June, 2014, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

    Alan G. Crone
    Laura Ann E. Bailey
    Crone & McEvoy, PLC
    5583 Murray Road, Suite 120
    Memphis, TN 38119

                                                */s/ Lisa Lichterman Leach*